**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANNAN YANG, | No.   15-71913 |
| Petitioner, | Agency No. A087-718-634 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020[**]

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Nannan Yang, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Yang failed to establish she suffered harm that rises to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (detention, beating, and interrogation did not compel a finding of past persecution); *see also Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (beatings, robberies, and discrimination did not cumulatively rise to the level of persecution). Substantial evidence also supports the agency's determination that Yang did not establish a well-founded fear of future persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) ("Absent evidence of past persecution, [petitioner] must establish a well-founded fear of future persecution by showing both a subjective fear of future persecution, as well as an objectively 'reasonable possibility' of persecution upon return to the country in question.") (quoting *Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1190 (9th Cir. 2005)); *see also Gu*, 454 F.3d at 1022 (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"). Thus, Yang's asylum claim fails.

Because Yang failed, for purposes of asylum, to establish past harm severe enough to rise to a level of past persecution or to establish a well-founded fear of such harm in the future, she necessarily fails to meet the more stringent standard

required for withholding of removal. *See Zehatye*, 453 F.3d at 1190 (recognizing that the withholding of removal requirement to show a "clear probability" of persecution is "more stringent than the well-founded fear standard governing asylum.").

Finally, substantial evidence supports the agency's denial of CAT relief because Yang failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**